*84 N. J. Eq.*                    Young *v.* Taylor.

JENNIE YOUNG, complainant,

*v.*

GEORGE J. TAYLOR et al., defendants.

[Submitted December 7th, 1914.   Decided March 1st, 1915.]

1. Where an agent, acting for a proposed purchaser of land, knowingly misrepresents the price fixed by the owner, and thereby induces the purchaser to agree to pay a greater sum than the owner asks or receives, the difference being represented by a mortgage given to the agent, who agrees to advance the sum secured by it to the owner for the purchaser's account, which the mortgagor supposed was done, when in fact it was not, nor intended by the agent to be, advanced, but the mortgage retained by him for his own use at the expense and without the knowledge of the mortgagor, a court of equity will not aid the holder in reaping the fruits of such a transaction by a foreclosure of the mortgage.

2. The purchaser having paid the full purchase price demanded by the owner, and given the mortgage to the agent upon the representation that it was required to make up the price asked by the owner, which was false, and the holder not having parted with anything for the benefit of the mortgagor, the mortgage has no consideration to support it and cannot be enforced in equity.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes.

*Mr. Edward P. Johnson,* for the appellants.

*Mr. Clarence E. Case,* for the respondents.

The opinion of the court was delivered by

BERGEN, J.

This is a bill to foreclose a mortgage and the defence is that it was obtained through fraudulent representations, and that there was no consideration given by the mortgagee. The bill is filed by the assignee of the mortgage, but it is well settled that

the assignee of a mortgage takes it subject to all equitable defences.

That a fraud was perpetrated on the mortgagor we think sufficiently appears from the facts which are, concisely stated, as follows: William H. VanDorn, a resident of Portland, Oregon, was the owner of a house and small lot of land near Readington, Hunterdon county, in this state, and had given John E. Van-Fleet a power of attorney to execute and deliver a deed therefor upon making sale, the price to be paid VanDorn being $1,000. One Sammis, a real estate agent, residing in Somerville, learned in some way that it was for sale, and called upon VanFleet, who told him that the owner wanted $1,000 and he $50, and that the price was $1,050.  Shortly after this, the defendant, being in the market for a small country home, called upon Sammis and made known to him his wishes, whereupon Sammis took him to see the property, and told him the owner wanted $1,800, and when asked if it could not be bought for less, said he did not know, but suggested that he offer $1,600 and make a deposit. This the defendant did, and as he had but $1,000, Sammis agreed to raise $600 on mortgage for him to enable him to pay the owner for the property.  When the deed was delivered, Sammis took the mortgage for $600, and defendant paid the $1,000 in cash, and Sammis paid VanFleet, not only the $50 he had originally added to the owner's price, but $25 more, which VanFleet demanded when he learned that Sammis was getting the mortgage for $600.  Both VanFleet and Sammis knew that the defendant was buying the land and giving the mortgage upon the understanding that the owner was being paid $1,600, when, in truth, it was not more than $1,050, assuming that VanFleet was acting as the agent of the owner in making the sale.

The net result being, that the defendant was induced by Sammis to pay at least $550 more than he would if he had dealt with the owner, or his agent, VanFleet.

If Sammis had told the truth, no mortgage would have been necessary, but it is argued that he was not bound to do this as he was dealing with the defendant at arms'-length, there being no relation of trust or confidence existing between the parties.

We are not disposed to take that view under the circumstances of this case. Sammis does not pretend he was acting for the vendor, and if he owed any duty, it was to the vendee who applied to him for his services, and before rendering them he could have required a stipulation for his compensation, but whether he did so or not, if he undertook to find a property for defendant, even as volunteer, he had no right to benefit himself at the expense of his principal. This is not an ordinary case of an agent finding a purchaser for a vendor under promise of compensation by him. Sammis had no relation with the vendor, nor anticipation of reward from him, he was acting for the defendant and was bound to faithfully serve his interest. He was under no obligation to serve him, but when he undertook to do so, he had no right to create a false impression and profit by it to the injury of his principal, and equity will not lend its aid to him in reaping the fruits of such an unconscionable act. In addition to this, Sammis was undoubtedly acting for the defendant when he induced him to believe that the mortgage was given him because he was advancing $600 of the purchase price for defendant, and it was then his duty to disclose the truth which was that no money was being advanced by him to the owner. *Rogers* v. *Genung, 76 N. J. Eq. 306.*

There is another reason why this decree cannot stand, and that is, there was no consideration to support it. Assuming that Van-Fleet had full power to fix the price for the owner, he fixed it at $1,050, and that is all the consideration passing to the owner or for his benefit. It cannot be claimed, under the testimony in this case, that Sammis had any interest in the land for which the defendant contracted or agreed to pay. The mortgage was executed and delivered upon the promise by Sammis that he would advance that sum for the defendant in payment of the consideration for the land to the owner; this was never done, and is not required to be done, because the defendant paid the entire consideration except $50, which sum is all Sammis advanced on account of the mortgage, and to that extent alone is there any consideration. The $25 paid VanFleet, when he discovered that Sammis was obtaining the mortgage upon a false statement of the price the owner was asking, was no part of the consideration

for the land, but appears to have been paid to induce VanFleet not to disclose the true situation, but whether this be so or not, it is not pretended that it entered into the price fixed for the land, for it arose after the sale had been contracted.

Our conclusion is, that the mortgage may stand for $50 and interest thereon from the date of the mortgage, and for no more.

The decree appealed from will be reversed, with costs, and the record remitted to the court of chancery that a decree may be there entered in accordance with the views here expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS—15.